IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, f/k/a TRAVELERS
INDEMNITY COMPANY OF
ILLINOIS a/s/o LONE STAR
STEAKHOUSE & SALOON
OF FLORIDA, INC.,**

   **Plaintiff,**

vs.          CASE NO.: 1:06-CV-033-SPM

**KEY CONSTRUCTION, INC., a Kansas
corporation; and JACK STEPHAN and
TONIA STEPHAN, d/b/a JACK'S
PRESSURE AND STEAM CLEANING,
INC.,**

   **Defendants.**
_____/

**ORDER DISMISSING CASE**

  **THIS CAUSE** comes before the Court upon the "Motion to Dismiss Complaint . . . ." (doc. 6) filed by Defendant Key Construction on April 12, 2006 and the memorandum in opposition (doc. 15) filed by Plaintiff on May 5, 2006. Defendant Key moves to dismiss the instant case for lack of jurisdiction and improper venue. For the reasons set forth below, the Court finds the motion

must be granted.

**BACKGROUND:**

In 1994, Key Construction, a Kansas corporation, and Lone Star, a Florida corporation with its principal place of business in Wichita, Kansas, entered into a contract to build a Lone Star restaurant in Gainesville, Florida. The contract included the following forum-selection clause:

> This Contract shall be interpreted in accordance with the laws of the State of Kansas. In the event of controversy which results in the filing of any suit at law or in equity, such action shall be brought and maintained in a court of competent jurisdiction (state or federal) in Wichita, Kansas. [Lone Star] and [Key Corporation] waive all objections they might otherwise have as to jurisdiction and venue, and voluntarily submit to the jurisdiction of those courts.

*See* "Contract to Build," Art. 22 at 7, executed Aug. 16, 1994.

Once the restaurant was built, Lone Star entered into a contract with Jack's Pressure and Steam Cleaning, a Florida corporation, to clean the grease from the kitchen's hood and exhaust system.

On the evening of March 3, 2002, a flareup in the kitchen caused the entire building to burn down. Travelers, as the insurer of Lone Star, brought suit against Key[1] in Florida state court. Based on the forum selection clause in the contract, Key filed a motion to dismiss the case, which was granted.

Travelers then sued Key in Kansas state court. The discovery process revealed facts leading Travelers to believe that Jack's might have contributed to

---

[1] Also named as a defendant was a subcontractor hired by Key (Tappouni Mechanical, Inc.). Tappouni later declared bankruptcy and is not relevant to the instant case.

the loss by failing to properly clean the ductwork.  Because Kansas has no jurisdiction over Jack's,[2] Travelers now files the instant federal court case naming both Key and Jack's as defendants.  Key has responded, arguing that the contract's forum-selection clause limits jurisdiction solely to Kansas state or federal court.

## ANALYSIS:

### *Forum Selection*

Travelers claims that the word "shall" in the contract's forum-selection clause is permissive and not mandatory, thus permitting Travelers to bring suit in Florida.  Travelers correctly points out that clauses containing the word "shall" have been interpreted as mandatory in some cases and permissive in others.  *Compare* Amermed Corp. v. Disetronic Holding AG, 6 F. Supp. 2d 1371 (N.D. Ga. 1998)("courts of . . . Switzerland shall have jurisdiction" held permissive) *and* Creative Tile Mktg., Inc. v. SICIS Int'l, 922 F. Supp. 1534 (S.D. Fla. 1996)("all disputes . . . shall fall within [Italy's] jurisdiction" held permissive) *with* Performance Paint Yacht Refinishing, Inc. v. Haines, 190 F.R.D. 699 (S.D. Fla. 1999)("the sole and exclusive venue . . . shall be in Chatham County, Georgia" held mandatory) *and* Exprezit Convenience Stores, LLC v. Transaction Tracking Tech., 2005 WL 2704891 (N.D. Fla. 2005)("the parties irrevocably consent to the

---

[2]  There is no indication that Jack's has sufficient minimum contacts with Kansas such that "he should reasonably anticipate being haled into court there."  Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985)(citations omitted).  No argument has been made to the contrary.

personal and exclusive jurisdiction of, and venue in, . . . Tennessee" held mandatory).

However, the context surrounding the word "shall" must be examined in order to glean the intent of each clause. Merely stating that a particular court has jurisdiction is a quite different concept from specifying that a suit shall be brought only in a particular court, to the exclusion of any other. Added support for this conclusion comes from Kansas caselaw, which is cited here because the contract was executed in Kansas and it is the state designated in the forum-selection clause. *See* Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 63 n.9 (1995).

Kansas has explained the difference between mandatory and permissive thusly:

> Mandatory forum selection clauses have language that clearly expresses that jurisdiction is appropriate only in the designated forum, while permissive forum selection clauses authorize jurisdiction in a particular forum, but not to the exclusion of other forums.

Nat'l Inspection & Repairs, Inc. v. George May Int'l Co., 202 F. Supp. 2d 1238, 1243 (D. Kan. 2002).[3] Generally, when the phrase "shall be proper" is coupled

---

[3] The Kansas Supreme Court has also referred to Black's Law Dictionary in discussing the difference between "shall" and "may" as those terms are used in contract law. State *ex rel.* Sec'y Soc. and Rehab. Svcs. v. Jackson, 822 P.2d 1033, 1038 (Kan. 1991). For the most part, "shall" is "a word of command, . . . which must be given a compulsory meaning . . . . and is inconsistent with a concept of discretion." Id. at 1038 (*quoting* BLACK'S LAW DICTIONARY 1375 (Centennial ed. 1991)(internal citations omitted)). "May", on the other hand, expresses "ability, . . . liberty, [or] permission . . . ." It "will not be treated as a word of command unless there is something in context . . . to indicate that it was used in such sense." Id. (internal citations omitted).

with a designation of a specific forum, this combination indicates mandatory intent.  Id. at 1244 (*citing* Milk 'n' More, Inc. v. Beavert, 963 F.2d 1342, 1343 (10th Cir. 1992)).  *See, e.g.*, Vanier v. Ponsoldt, 833 P.2d 949 (Kan. 1992) ("Jurisdiction and venue . . . shall lie only in the Seller's state and county" held mandatory); Nat'l Inspection & Repairs, Inc. v. George May Int'l Co., 202 F. Supp. 2d 1238 (D. Kan. 2002)("jurisdiction shall vest in the State of Illinois" held mandatory, noting that the language "express[ed] an agreement that the action will be brought in either state or federal courts in Illinois, to the exclusion of courts in any other state or federal district outside of Illinois").

Similarly, the language in the instant case states that suits "shall be brought and maintained in a court of competent jurisdiction (state or federal) in Wichita, Kansas."  This clause dictates not only where the action shall be initiated, but where it must stay (be "maintained") throughout the course of the proceedings.  Therefore, the clause is mandatory and strictly limits jurisdiction in this case to Kansas.

Such forum-selection clauses are prima facie valid and must be given effect unless shown to be unreasonable.  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 5 (1972).  Of the three "unreasonableness" grounds set out in Bremen–-unequal bargaining, contravention of public policy, and

inconvenience—Travelers cites only inconvenience.[4]

To prove inconvenience, the party seeking to escape the contract must show "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." Id. at 18.  This is so because the parties presumably contemplated any potential inconvenience at the time they executed the contract.  Id. at 16.

Here, Travelers makes general references to factors such as ease of access to sources of proof, availability of compulsory process, and "other practical problems," *see* doc. 15-1 at 11, but provides no specific facts which would demonstrate the "grave difficulty and inconvenience" amounting to a deprivation of Travelers' right to its day in court.  Instead, Travelers states only that "it is clear that these factors outweigh the venue designated in the subject Contract." *See* doc. 15-1 at 11.  Without more, in the words of the Bremen Court, "there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain."  407 U.S. at 18.

---

[4] Point Six of Travelers' response is entitled "This Court Can Exercise its Discretion and Keep Jurisdiction Over This Case Under 28 U.S.C. Section 1404 Under the Doctrine of Forum Non Conveniens."  Wright and Miller have described this as a "conflation of the common law dismissal doctrine and the federal transfer statute."  15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3828 (2005). While the forum non conveniens doctrine certainly "influences the interpretation of some elements of the partially overlapping statutory provisions, . . . forum non conveniens and transfer should not be confused, either in terms of the standard to be applied or the consequences of granting the motion." Id.  28 U.S.C. § 1404 applies only to transfers between federal district courts.  Here, one suit is in Kansas state court, while the instant suit is in a Florida federal court.  No procedure exists for such a "transfer". *See, e.g.*, Grossman v. Pearlman, 353 F.2d 284 (2d Cir. 1965).

### *Independent Claims*

Travelers next suggests that its negligence claim and its statutory-violation claim are independent of the contract and thus not subject to its mandatory forum-selection clause, citing Florida caselaw in support of its argument. Although the instant case was brought in a Florida federal district court, Kansas law must be applied to the interpretation of contracts executed in that state. *See, e.g.*, Stone v. Compuserve Interactive Svcs., Inc., 804 So. 2d 383, 389 (Fla. 4th DCA 2001)(citations omitted); Simms v. Metropolitan Life Ins. Co., 685 P.2d 321, 324 (Kan. Ct. App. 1984). This Court thus looks to Kansas precedent to determine whether the forum-selection clause in the instant contract applies to common-law and statutory claims as well.

The appellant in Thompson v. Founders Group Int'l, Inc., 886 P.2d 904 (Kan. Ct. App. 1994), raised an argument similar to that raised by Travelers. The forum-selection clause in Thompson stated that it applied to "any action brought pursuant to this Agreement, to enforce the terms thereof or otherwise with respect to the relationships between the parties created or extended pursuant hereto." Id. at 906. The appellant claimed that his breach of warranty, fraudulent inducement, and statutory claims were independent of the written contract and were thus not subject to the forum-selection clause therein. Id. at 906-07.

The Kansas appellate court agreed that these claims were, by their nature, independent of the written contract. Id. at 907. However, the court noted

that while "the argument . . . has some appeal, the written contract is very broadly worded." Id.  The court went on to state:

> [The contract] seeks to control all agreements between the parties and the forum-selection clause seeks to govern any action brought pursuant to the agreement to enforce not only the terms of the agreement[,] but any action brought to address the relationships between the parties "created or extended" pursuant to the written agreement.  Because the written agreement is the culmination of negotiations between Thompson and Continental, and Thompson's allegations relate to those negotiations, the forum-selection clause is written broadly enough to encompass these claims.

Id.

In Mortgage Plus, Inc. v. DocMagic, Inc., 2004 WL 2331918, *1 (D. Kan. 2004), the District Court of Kansas noted, "While it appears Kansas has not yet addressed the issue, several [federal] courts have held that a forum provision in a contract may not only apply to litigation of the contract in which it is contained, but also to tort claims arising out of or relating to the contract, particularly when those tort claims involve the same operative facts as a parallel claim for breach of contract."  Id. at *7 (footnote citations omitted).

In Mortgage Plus, the parties' forum selection clause required that all legal proceedings arising in connection with the agreement at issue were to be brought in California.  Id.  The appellant's suit consisted of four contract claims and one claim of negligent misrepresentation.  Id.  The court held that the tort claim was "closely related" to the contract claims because 1) the same operative facts surrounded each claim and 2) the tort claim appeared to arise out of the

contractual relationship "to implicate the very terms of the [agreement] at issue." Thus, the court concluded that the crux of the appellant's claim, whether cast in tort or contract, depended upon the resolution of a common factual issue.  Id.

Similarly, the common thread running through all of Travelers' claims is the quality of Key Construction's work on the Lone Star restaurant.  The contract itself contemplates that Key will perform all work required to build the restaurant in accordance with specified plans.  *See* doc. 6 at 3.  The negligence claim asserts that Key breached its duty of care to see that all work was performed properly and to warn Lone Star of any potential difficulties.  *See* doc. 1 at 8.  The statutory claims fault Key for failing to adhere to applicable mechanical and construction codes, thus violating Florida Statutes section 553.84.  *See* doc. 1 at 9.

It is clear that these counts center around the work Key performed and the consequences of Key's alleged failure to properly construct the building.  The forum-selection clause, covering any "controversy which results in the filing of any suit at law or at equity," is broad enough to encompass all claims raised by Travelers in its complaint.

The Court is cognizant that its holding today may result in two distinct, simultaneous lawsuits: one against Key Construction in Kansas, and the other

against Jack's in Florida.[5]  This result, however unsatisfactory Travelers may find it, is mandated by the current state of the law, and any inconvenience suffered by Travelers in the process is simply insufficient to counterbalance the significant weight given to valid forum-selection clauses.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The motion to dismiss (doc. 6) is hereby *granted*.

2. This case is dismissed.

**DONE AND ORDERED** this first day of August, 2006.

 *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[5] Jack's is not subject to personal jurisdiction in Kansas in this case under either the Kansas long-arm statute (K.S.A. § 60-308) or a constitutional analysis of minimum contacts and fair play.  *See, e.g.,* Bradshaw v. Baptiste, 23 F. Supp. 2d 1236, 1238-1240 (D. Kan. 1998).